# Exhibit P

## RESCISSION AND RELEASE AGREEMENT

This Rescission and Release Agreement ("Agreement"), effective as of this 3rd day of July, 2014, is made between and among AMERICAN GENERAL LIFE INSURANCE COMPANY ("American General"), the MICHAEL SASONI 2007-1 INSURANCE TRUST ("2007-1 Insurance Trust"), the MICHAEL SASONI 2007-2 INSURANCE TRUST ("2007-2 Insurance Trust") (collectively, "the Insurance Trusts"), WILMINGTON SAVINGS FUND SOCIETY, FSB, as successor in interest to CHRISTIANA BANK & TRUST COMPANY, solely in its capacity as trustee of the Insurance Trusts ("Insurance Trustee"),

WHEREAS, American General issued Life Policy UM0044158L insuring the life of Michael Sasoni in the amount of $10,000,000.00 and Life Policy UM0044159L insuring the life of Michael Sasoni in the amount of $10,000,000.00 (collectively, "the Policies");

WHEREAS, the 2007-1 Insurance Trust is the owner and beneficiary of Policy Number UM0044158L and Insurance Trustee is the trustee of the 2007-1 Insurance Trust;

WHEREAS, the 2007-2 Insurance Trust is the owner and beneficiary of Policy Number UM0044159L and Insurance Trustee is the trustee of the 2007-2 Insurance Trust;

WHEREAS, American General initiated a lawsuit in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida styled American General Life Insurance Company v. The Michael Sasoni 2007-1 Insurance Trust, et al. (the "FL Lawsuit") and the

Ex 6 - MSJ

RESCISSION AND RELEASE AGREEMENT
Page 2 of 18

Insurance Trustee initiated a lawsuit in the United States District Court for the District of Delaware styled Michael Sasoni 2007-1 Insurance Trust, et al. v. American General Life Insurance Company (the "DE Lawsuit") (collectively, "the Lawsuits");

WHEREAS, the FL Lawsuit was previously dismissed without prejudice in favor of the DE Lawsuit;

WHEREAS, the Parties desire to amicably compromise and resolve any and all disputes, controversies, claims and actions between them arising out of, relating to, or concerning the Policies and the Lawsuits on the terms and conditions herein provided;

NOW, THEREFORE, in consideration of the foregoing recitals and the mutual promises and covenants hereinafter set forth, the exchange of which the Parties agree and acknowledge are material terms of this Agreement and constitute good, valuable, and sufficient consideration, the Parties hereby mutually agree as follows:

1. **Rescission of the Policies**: In consideration of the releases and other promises contained herein, the Parties agree that the Policies are rescinded and are void ab initio as though the Policies had never been issued at all. They understand and agree that neither the Insurance Trusts, nor any insured, beneficiary, owner, trust, settler, grantor, heir, assignee, beneficiary, member, successor in interest, nor any other person or entity has ever had and never will have any rights under the Policies, whatsoever.

2. **Payment**: The Parties hereby agree that American General shall make a single lump sum payment in the amount of $2,175,000 (the "Settlement Payment"), which payment shall be made within thirty (30) days from receipt by American General of this Rescission and Release Agreement fully executed by the Insurance Trusts,

CONFIDENTIAL                                                                 AGL / BECHTEL 000337

RESCISSION AND RELEASE AGREEMENT
Page 3 of 18

American General acknowledges that it has received fully executed tax Form W-9s. Said payment will be made by wire transfer pursuant to the following instructions:




American General shall not be obligated to make any further payment to any person or entity relating to the Policies for any reason. The Settlement Payment shall be net to the Insurance Trusts and shall not be subject to any set-off, reduction, deduction, offset, or claims of any kind.

CONFIDENTIAL

AGL / BECHTEL 000338

RESCISSION AND RELEASE AGREEMENT
Page 4 of 18

Notwithstanding the foregoing, American General is not released from its obligations under this Agreement.

4. **Release of the Insurance Trusts, Insurance Trustee,**

American General for itself and for its members, associations, firms, parent companies, affiliates, subsidiaries, and current and former officers, directors, shareholders, employees, successors, assigns, attorneys, agents, and brokers, hereby forever releases and discharges the Insurance Trusts, Insurance Trustee,

each for themselves and for their grantors, beneficiaries, heirs, successors, executors, administrators, members, assigns, associations, firms, parent companies, affiliates, subsidiaries, and current and former officers, directors, shareholders, employees, attorneys, agents and brokers from every and any manner of claims, action and actions, cause and causes of action, in law or in equity, known or unknown, existing or which may hereinafter exist, arising out of, relating to or concerning (i) the Policies; (ii) the Lawsuits; (iii) the application for and/or issuance of the Policies and/or sale of any interest in the Policies or the Insurance Trusts; (iv) commissions paid; (v) the rescission of the Policies; (vi) any and all rights of ownership and/or claims for benefits under the Policies; and (vii) the return of any and all premium monies for the Policies and/or payment of further premium for the Policies. This release specifically includes all claims for attorney's fees and costs. Notwithstanding the foregoing, the Insurance Trusts, Insurance Trustee, are not released from their obligations under this Agreement.

CONFIDENTIAL

AGL / BECHTEL 000339

5. **Warranty of Authority as to the Insurance Trusts:** The Insurance Trusts and Insurance Trustee each specifically represent and warrant to American General that:

    a. Insurance Trustee is the duly appointed trustee of the Insurance Trusts pursuant to the governing trust agreements;

    b. Insurance Trusts are validly existing under the laws of their jurisdiction of organization;

    c. The execution, delivery, and performance of this Agreement on behalf of the Insurance Trusts: (i) are within the power of the Insurance Trusts, the exercise of which by the Insurance Trustee is duly authorized; (ii) have been duly authorized by all necessary trust action; (iii) do not contravene any provision of Insurance Trusts' trust agreements or the Insurance Trusts' other organizational documents, or any law or regulation applicable to Insurance Trusts; and (iv) do not conflict with, violate, create a lien or default under or require a consent under any document or agreement to which Insurance Trusts are a party or by which they are bound;

    d. Insurance Trusts are the sole owners and beneficiaries of the respective Policies;

    e. Insurance Trusts have the sole and exclusive right to exercise any incidents of ownership under the Policies and have the sole and exclusive right to claim death benefits in the event of Michael Sasoni's death;

    f. Insurance Trusts have not sold, transferred, pledged, alienated or otherwise impaired or encumbered any of their rights as owner or as beneficiary of the Policies; and

RESCISSION AND RELEASE AGREEMENT
Page 6 of 18

      g.     There are no proceedings in bankruptcy pending or threatened against the Insurance Trusts, no grounds exist for such a proceeding of which the Insurance Trusts or the Insurance Trustee is or reasonably should be aware, nor is any property of the Insurance Trusts subject to any assignment for the benefit of creditors.

CONFIDENTIAL

AGL / BECHTEL 000341

7. **Warranty of Authority as to American General:** American General specifically represents and warrants to the other Parties that:

    a. American General has not sold transferred, pledged, alienated or otherwise impaired or encumbered any interest in the Policies or any matters released by American General as set forth in Paragraph 4, above;

    b. The records of American General reflect that Insurance Trusts have full and exclusive ownership of the Policies and are the sole beneficiaries of the respective Policies; and

    c. The execution, delivery, and performance of this Agreement on behalf of American General: (i) are within the power of American General; (ii) have been duly authorized by all necessary corporate action; (iii) do not contravene any provision of American General's organizational documents, or any law or regulation applicable to American General; and (iv) do not conflict with, violate, create a lien or default under or require a consent under any document or agreement to which American General is a party or by which it is bound.

8. **Additional Warranty as to American General:** As part of the Rescission and Release Agreement, American General warrants and represents to the Parties that it will not initiate any tort based claims against Steven Wechsler and/or Kevin Bechtel (the "Selling

Agents") or anyone else related to commissions paid under the Policies or for any tort claims asserted or which could have been asserted in the Lawsuits. American General, however, expressly reserves the right to initiate an action to enforce all available contractual rights and remedies it has against the Selling Agents or anyone else related to commissions paid under the Policies.

9. **Remedy For Breach Of Agreement**: Each of the Parties understands and agrees that each provision of this Agreement, including but not limited to each of the representations and warranties set forth in Paragraphs 5, 6, 7 and 8, constitutes a material term of this Agreement. In the event of a breach of any material term of this Agreement by one or more of the Parties, any Party aggrieved by any such breach may institute suit in the United States District Court for the District of Delaware against any Party or Parties alleged to be responsible for such breach, and may seek recovery of any and all damages or any other relief arising out of the breach against the breaching Party or Parties.

10. **Stipulated Final Judgment on Notice**: The Parties agree to file in the DE Lawsuit a Joint Motion for Entry of an Order of Stipulated Final Judgment on Notice, barring claims by all parties, persons, or entities, including but not limited to Michael Sasoni and his family, heirs, beneficiaries and assigns, under the Policies. The Parties agree to jointly file such motion within 3 business days following receipt of payment referenced in paragraph 2, above. Such Final Judgment shall provide that each party the DE Lawsuit shall bear its own costs and attorneys' fees.

12. **Covenant Not to Sue the Insurance Trust, Insurance Trustee.**

American General for itself and for its members, associations, firms, parent companies, affiliates, subsidiaries, and current and former officers, directors, shareholders, employees, successors, assigns, attorneys, agents, and brokers covenants and agrees that it will not at any time, nor should anyone on its behalf, sue or proceed in any matter at law or in equity, with a suit or action of any kind or nature against the Insurance Trusts, Insurance Trustee, or any of their grantors, heirs, beneficiaries, successors, executors, administrators, members, assigns, associations, firms, parent companies, affiliates, subsidiaries, and current and former officers, directors, shareholders, employees, attorneys, agents and brokers for or on account of any claim for benefits, or any other claim arising out of, relating to or concerning the Policies.

13. **No Admission:** The Parties understand and agree that this Agreement is entered into solely to settle disputed claims and to avoid further costs in connection with the claims; and it is not an admission of any liability, wrongdoing, or misrepresentation on the part of any Party

CONFIDENTIAL

or that any Party performed or failed to perform any act in violation of any law, regulation or the rights of any Party whatsoever, or that the claims asserted in the Lawsuits are valid.

15. <u>Construction & Merger Clause</u>: This Agreement shall not be changed orally and shall be effective immediately upon notarized signature of all Parties hereto. The Parties hereto understand and acknowledge that this Agreement constitutes the entire agreement between the Parties and that there shall be no amendment or modification of any of the terms of this Rescission and Release Agreement unless it is reduced to writing and signed by the Parties hereto. Each Party acknowledges and agrees that no representations or promises have been made to, or relied upon, in connection with the subject matter of this Rescission and Release

RESCISSION AND RELEASE AGREEMENT
Page 11 of 18

Agreement that are not specifically set forth herein. All prior representations and promises by anyone concerning the Lawsuits or this Rescission and Release Agreement, whether in writing or oral, are understood by the Parties to be merged into this Rescission and Release Agreement. The language of all parts of this Agreement shall be construed as a whole according to its plain meaning and not strictly construed for or against any Party. The Parties agree that this Agreement shall be deemed to have been jointly drafted for purposes of applying any rules of construction.

16. **Signatures**: This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. However, should any of the Parties fail to execute this Agreement, this Agreement shall be null and void as to all Parties.

17. **Successors and Assigns**: This Agreement shall bind and inure to the benefit of and be enforceable by the Parties and their respective successors and assigns.

18. **Voluntary Agreement and Right to Counsel**: Each Party represents and warrants that it is represented by legal counsel of its own choice in connection with this Agreement, or that it was encouraged to obtain counsel and had ample opportunity to seek counsel. Each Party represents and warrants that he/she/it has read this Agreement and understands the terms used herein. Each Party has had the opportunity to investigate this matter, determine the advisability of entering into this Agreement, and has entered into this Agreement freely and voluntarily, and that each Party agrees to the terms contained herein.

19. **Taxation**: Each Party acknowledges that no other Party is warranting or representing any tax consequences of this Agreement, that each is relying on its own legal and/or

RESCISSION AND RELEASE AGREEMENT
Page 12 of 18

tax advisors, and that each shall assume full responsibility for any and all tax obligations imposed, due, or owing to local, state or federal authority.

20. <u>Severability</u>: If any portion of this Agreement, other than Paragraphs 1 through 8 of this Agreement, may be held by a court of competent jurisdiction to conflict with any federal, state or local law, and as a result such portion or portions are declared to be invalid and of no force or effect in such jurisdiction, all remaining provisions of this Agreement shall remain in full force and effect and be construed as if such invalid portion or portions had not been included herein.

21. <u>Further Assurances</u>: Each Party agrees to execute such further and additional documents, instruments and writings as are necessary to fully effectuate the terms and provisions of this Rescission and Release Agreement.

22. <u>Governing Law</u>: This Agreement shall be governed by the laws of the State of Delaware without giving effect to Delaware choice of law principles.

23. <u>Jurisdiction</u>: The United States District Court for the District of Delaware shall retain jurisdiction over all of the Parties hereto with respect to enforcement of this Agreement and/or any dispute arising under this Agreement.

IN WITNESS THEREOF, the Parties have executed this Agreement on the dates written below.

CONFIDENTIAL

AGL / BECHTEL 000347

RESCISSION AND RELEASE AGREEMENT
Page 13 of 18

        MICHAEL SASONI 2007-1 INSURANCE TRUST
        by WILMINGTON SAVINGS FUND SOCIETY, FSB as
        successor in interest to CHRISTIANA BANK & TRUST
        COMPANY, as Trustee

        By: _____
        Name: _____Cedric Strother_____
        Title: _____Trust Officer_____

STATE OF DELAWARE    )
                              : ss.
COUNTY OF NEW CASTLE  )

      Personally appeared the above-named __Cedric Strother__ who made oath that the execution of this document is his own free act and deed this __2__ day of __July__ 2014.

                                          Courtney E. Allen
                                          Notary Public
                                          My Commission expires: June 10, 2016

[Notary Seal: COURTNEY E. ALLEN, MY COMMISSION EXPIRES June 10, 2016, NOTARY PUBLIC, STATE OF DELAWARE]

RESCISSION AND RELEASE AGREEMENT
Page 14 of 18

MICHAEL SASONI 2007-2 INSURANCE TRUST
by WILMINGTON SAVINGS FUND SOCIETY, FSB as
successor in interest to CHRISTIANA BANK & TRUST
COMPANY, as Trustee

By: _Cedric Strother_
Name: Cedric Strother
Title: Trust Officer

STATE OF DELAWARE   )
                    ; ss.
COUNTY OF NEW CASTLE )

Personally appeared the above-named _Cedric Strother_ who made oath that the execution of this document is his own free act and deed this _2_ day of _July_ 2014.

_Courtney E. Allen_
Notary Public
My Commission expires: June 10, 2016

[Notary Seal: COURTNEY E. ALLEN, MY COMMISSION EXPIRES June 10, 2016, NOTARY PUBLIC, STATE OF DELAWARE]

RESCISSION AND RELEASE AGREEMENT
Page 15 of 18

CONFIDENTIAL

AGL / BECHTEL 000350

CONFIDENTIAL

AGL / BECHTEL 000351

RESCISSION AND RELEASE AGREEMENT
Page 17 of 18

CONFIDENTIAL

AGL / BECHTEL 000352

CONFIDENTIAL

AGL / BECHTEL 000353

RESCISSION AND RELEASE AGREEMENT
Page 18 of 18

AMERICAN GENERAL LIFE INSURANCE COMPANY

By: *[signature]*
Name: Tracy A. Phillips
Title: VP & Assoc. General Counsel

STATE OF ) 
: ss.
COUNTY OF )

Personally appeared the above-named TRACY PHILLIPS who made oath that the execution of this document is his own free act and deed this 3rd day of JULY 2014.

*[Notary Seal: GIGI CRUZ, My Commission Expires January 28, 2018]*

*[signature]*
Notary Public
My Commission expires:

CONFIDENTIAL

AGL / BECHTEL 000354