## RESCISSION AND RELEASE AGREEMENT

This Rescission and Release Agreement ("Agreement"), effective as of this 3rd

day of July, 2014, is made between and among AMERICAN GENERAL LIFE INSURANCE

COMPANY ("American General"), the MICHAEL SASONI 2007-1 INSURANCE TRUST

("2007-1 Insurance Trust"), the MICHAEL SASONI 2007-2 INSURANCE TRUST ("2007-2

Insurance Trust") (collectively, "the Insurance Trusts"), WILMINGTON SAVINGS FUND

SOCIETY, FSB, as successor in interest to CHRISTIANA BANK & TRUST COMPANY,

solely in its capacity as trustee of the Insurance Trusts ("Insurance Trustee"), THE GIII

ACCUMULATION TRUST ("GIII"), WELLS FARGO BANK, N.A. and WELLS FARGO

DELAWARE TRUST COMPANY, N.A. solely in their capacity as trustees of GIII (together,

the "GIII Trustee"), HAMILDAK LIMITED ("Hamildak"), and DEUTSCHE BANK AG

("Deutsche Bank") (each a "Party" and collectively the "Parties").

WHEREAS, American General issued Life Policy UM0044158L insuring the life

of Michael Sasoni in the amount of $10,000,000.00 and Life Policy UM0044159L insuring the

life of Michael Sasoni in the amount of $10,000,000.00 (collectively, "the Policies");

WHEREAS, the 2007-1 Insurance Trust is the owner and beneficiary of Policy

Number UM0044158L and Insurance Trustee is the trustee of the 2007-1 Insurance Trust;

WHEREAS, the 2007-2 Insurance Trust is the owner and beneficiary of Policy

Number UM0044159L and Insurance Trustee is the trustee of the 2007-2 Insurance Trust;

WHEREAS, GIII is the sole beneficiary of the 2007-1 Insurance Trust and the

2007-2 Insurance Trust, and GIII Trustee is the trustee of GIII;

WHEREAS, American General initiated a lawsuit in the Circuit Court of the 11th

Judicial Circuit in and for Miami-Dade County, Florida styled American General Life Insurance

Company v. The Michael Sasoni 2007-1 Insurance Trust, et al. (the "FL Lawsuit") and the

AGL / BECHTEL 000336

RESCISSION AND RELEASE AGREEMENT
Page 2 of 18

Insurance Trustee initiated a lawsuit in the United States District Court for the District of Delaware styled Michael Sasoni 2007-1 Insurance Trust, et al. v. American General Life Insurance Company (the "DE Lawsuit") (collectively, "the Lawsuits");

WHEREAS, the FL Lawsuit was previously dismissed without prejudice in favor of the DE Lawsuit;

WHEREAS, the Parties desire to amicably compromise and resolve any and all disputes, controversies, claims and actions between them arising out of, relating to, or concerning the Policies and the Lawsuits on the terms and conditions herein provided;

NOW, THEREFORE, in consideration of the foregoing recitals and the mutual promises and covenants hereinafter set forth, the exchange of which the Parties agree and acknowledge are material terms of this Agreement and constitute good, valuable, and sufficient consideration, the Parties hereby mutually agree as follows:

1.    **Rescission of the Policies:**  In consideration of the releases and other promises contained herein, the Parties agree that the Policies are rescinded and are void ab initio as though the Policies had never been issued at all.  They understand and agree that neither the Insurance Trusts, nor GIII, nor Hamildak, nor Deutsche Bank, nor any insured, beneficiary, owner, trust, settler, grantor, heir, assignee, beneficiary, member, successor in interest, nor any other person or entity has ever had and never will have any rights under the Policies, whatsoever.

2.    **Payment:**  The Parties hereby agree that American General shall make a single lump sum payment in the amount of $2,175,000 (the "Settlement Payment"), which payment shall be made within thirty (30) days from receipt by American General of this Rescission and Release Agreement fully executed by the Insurance Trusts, GIII, Hamildak and Deutsche Bank.

AGL / BECHTEL 000337

RESCISSION AND RELEASE AGREEMENT
Page 3 of 18

American General acknowledges that it has received fully executed tax Form W-9s. Said payment will be made by wire transfer pursuant to the following instructions:

> CITIBANK N.A.
> 111 WALL STREET
> NEW YORK, NY 10005
> ABA#021000089
> ACCOUNT # 59214353
> SWIFT CODE: CITIUS33
> PROSKAUER ROSE LLP
> ATTORNEY TRUST ACCOUNT

American General shall not be obligated to make any further payment to any person or entity relating to the Policies for any reason. The Settlement Payment shall be net to the Insurance Trusts and shall not be subject to any set-off, reduction, deduction, offset, or claims of any kind.

   **3.   Release of American General:**  The Insurance Trusts, Insurance Trustee, GIII, GIII Trustee, Hamildak, and Deutsche Bank, each for itself and for its grantors, beneficiaries, heirs, successors, executors, administrators, members, assigns, associations, firms, parent companies, affiliates, subsidiaries, and current and former officers, directors, shareholders, employees, attorneys, agents and brokers, hereby forever release and discharge American General, and any and all of its members, associations, firms, parent companies, affiliates, subsidiaries, and current and former officers, directors, shareholders, employees, successors, assigns, attorneys, agents, and brokers from every and any manner of claims, action and actions, cause and causes of action, in law or in equity, known or unknown, existing or which may hereinafter exist, arising out of, relating to or concerning (i) the Policies; (ii) the Lawsuits; (iii) the application for and/or issuance of the Policies and/or the sale of any interest in the Policies or the Insurance Trusts; (iv) the rescission of the Policies; (v) any and all rights of ownership and/or claims for benefits under the Policies; and (vi) the return of any and all premium monies for the Policies. This release specifically includes all claims for attorney's fees and costs.

AGL / BECHTEL 000338

Notwithstanding the foregoing, American General is not released from its obligations under this Agreement.

**4.** **Release of the Insurance Trusts, Insurance Trustee, GIII, GIII Trustee, Hamildak, and Deutsche Bank**: American General for itself and for its members, associations, firms, parent companies, affiliates, subsidiaries, and current and former officers, directors, shareholders, employees, successors, assigns, attorneys, agents, and brokers, hereby forever releases and discharges the Insurance Trusts, Insurance Trustee, GIII, GIII Trustee, Hamildak, and Deutsche Bank, each for themselves and for their grantors, beneficiaries, heirs, successors, executors, administrators, members, assigns, associations, firms, parent companies, affiliates, subsidiaries, and current and former officers, directors, shareholders, employees, attorneys, agents and brokers from every and any manner of claims, action and actions, cause and causes of action, in law or in equity, known or unknown, existing or which may hereinafter exist, arising out of, relating to or concerning (i) the Policies; (ii) the Lawsuits; (iii) the application for and/or issuance of the Policies and/or sale of any interest in the Policies or the Insurance Trusts; (iv) commissions paid; (v) the rescission of the Policies; (vi) any and all rights of ownership and/or claims for benefits under the Policies; and (vii) the return of any and all premium monies for the Policies and/or payment of further premium for the Policies.  This release specifically includes all claims for attorney's fees and costs.  Notwithstanding the foregoing, the Insurance Trusts, Insurance Trustee, GIII, GIII Trustee, Hamildak, and Deutsche Bank are not released from their obligations under this Agreement.

 AGL / BECHTEL 000339

RESCISSION AND RELEASE AGREEMENT
Page 5 of 18

5. **<u>Warranty of Authority as to the Insurance Trusts</u>:** The Insurance Trusts and Insurance Trustee each specifically represent and warrant to American General that:

a. Insurance Trustee is the duly appointed trustee of the Insurance Trusts pursuant to the governing trust agreements;

b. Insurance Trusts are validly existing under the laws of their jurisdiction of organization;

c. The execution, delivery, and performance of this Agreement on behalf of the Insurance Trusts: (i) are within the power of the Insurance Trusts, the exercise of which by the Insurance Trustee is duly authorized; (ii) have been duly authorized by all necessary trust action; (iii) do not contravene any provision of Insurance Trusts' trust agreements or the Insurance Trusts' other organizational documents, or any law or regulation applicable to Insurance Trusts; and (iv) do not conflict with, violate, create a lien or default under or require a consent under any document or agreement to which Insurance Trusts are a party or by which they are bound;

d. Insurance Trusts are the sole owners and beneficiaries of the respective Policies;

e. Insurance Trusts have the sole and exclusive right to exercise any incidents of ownership under the Policies and have the sole and exclusive right to claim death benefits in the event of Michael Sasoni's death;

f. Insurance Trusts have not sold, transferred, pledged, alienated or otherwise impaired or encumbered any of their rights as owner or as beneficiary of the Policies; and

CONFIDENTIAL

g.      There are no proceedings in bankruptcy pending or threatened against the Insurance Trusts, no grounds exist for such a proceeding of which the Insurance Trusts or the Insurance Trustee is or reasonably should be aware, nor is any property of the Insurance Trusts subject to any assignment for the benefit of creditors.

**6.      Warranty of Authority as to GIII:**  GIII specifically represents and warrants to American General that:

a.      Wells Fargo Bank, N.A. and Wells Fargo Delaware Trust Company, N.A. are the duly appointed trustees of GIII pursuant to the governing trust agreement;

b.      GIII is validly existing under the laws of its jurisdiction of organization;

c.      The execution, delivery, and performance of this Agreement on behalf of GIII:  (i) are within the power of GIII, the exercise of which by GIII Trustee is duly authorized; (ii) have been duly authorized by all necessary trust action; (iii) do not contravene any provision of the governing trust agreement or GIII's other organizational documents, or any law or regulation applicable to GIII; and (iv) do not conflict with, violate, create a lien or default under or require a consent under any document or agreement to which GIII is a party or by which it is bound;

d.      GIII has full and exclusive ownership of the beneficial interest in the Insurance Trusts;

e.      Insurance Trusts have full and exclusive ownership of the Policies and each is the sole beneficiary of the respective Policies;

f.      Insurance Trusts have the sole and exclusive right to exercise any incidents of ownership under the Policies and have the sole and exclusive right to claim death benefits in the event of Michael Sasoni's death;

CONFIDENTIAL

RESCISSION AND RELEASE AGREEMENT
Page 7 of 18

g.      GIII has not sold, transferred, pledged, alienated or otherwise impaired or encumbered any rights as owner of the beneficial interest in the Insurance Trusts; and

h.      There are no proceedings in bankruptcy pending or threatened against GIII, no grounds exist for such a proceeding of which GIII or GIII Trustee is or reasonably should be aware, nor is any property of GIII subject to any assignment for the benefit of creditors.

7.      **Warranty of Authority as to American General:**   American General specifically represents and warrants to the other Parties that:

a.      American General has not sold transferred, pledged, alienated or otherwise impaired or encumbered any interest in the Policies or any matters released by American General as set forth in Paragraph 4, above;

b.      The records of American General reflect that Insurance Trusts have full and exclusive ownership of the Policies and are the sole beneficiaries of the respective Policies; and

c.      The execution, delivery, and performance of this Agreement on behalf of American General:  (i) are within the power of American General; (ii) have been duly authorized by all necessary corporate action; (iii) do not contravene any provision of American General's organizational documents, or any law or regulation applicable to American General; and (iv) do not conflict with, violate, create a lien or default under or require a consent under any document or agreement to which American General is a party or by which it is bound.

8.      **Additional Warranty as to American General:**     As part of the Rescission and Release Agreement, American General warrants and represents to the Parties that it will not initiate any tort based claims against Steven Wechsler and/or Kevin Bechtel (the "Selling

                                                                 AGL / BECHTEL 000342

Agents") or anyone else related to commissions paid under the Policies or for any tort claims asserted or which could have been asserted in the Lawsuits. American General, however, expressly reserves the right to initiate an action to enforce all available contractual rights and remedies it has against the Selling Agents or anyone else related to commissions paid under the Policies.

**9.     Remedy For Breach Of Agreement:** Each of the Parties understands and agrees that each provision of this Agreement, including but not limited to each of the representations and warranties set forth in Paragraphs 5, 6, 7 and 8, constitutes a material term of this Agreement. In the event of a breach of any material term of this Agreement by one or more of the Parties, any Party aggrieved by any such breach may institute suit in the United States District Court for the District of Delaware against any Party or Parties alleged to be responsible for such breach, and may seek recovery of any and all damages or any other relief arising out of the breach against the breaching Party or Parties.

**10.     Stipulated Final Judgment on Notice:** The Parties agree to file in the DE Lawsuit a Joint Motion for Entry of an Order of Stipulated Final Judgment on Notice, barring claims by all parties, persons, or entities, including but not limited to Michael Sasoni and his family, heirs, beneficiaries and assigns, under the Policies. The Parties agree to jointly file such motion within 3 business days following receipt of payment referenced in paragraph 2, above. Such Final Judgment shall provide that each party the DE Lawsuit shall bear its own costs and attorneys' fees.

**11.     Covenant Not to Sue American General:** The Insurance Trusts, Insurance Trustee, GIII, GIII Trustee, Hamildak, and Deutsche Bank, each for itself and for its grantors, heirs, beneficiaries, successors, executors, administrators, members, assigns, associations, firms,

CONFIDENTIAL                                                           AGL / BECHTEL 000343

RESCISSION AND RELEASE AGREEMENT
Page 9 of 18

parent companies, affiliates, subsidiaries, and current and former officers, directors, shareholders, employees, attorneys, agents and brokers covenants and agrees that it will not at any time, nor should anyone on its behalf, sue or proceed in any matter at law or in equity, with a suit or action of any kind or nature against American General or any of its members, associations, firms, parent companies, affiliates, subsidiaries, and current and former officers, directors, shareholders, employees, successors, assigns, attorneys, agents, or brokers for or on account of any claim for benefits, or any other claim arising out of, relating to or concerning the Policies.

12.     **Covenant Not to Sue the Insurance Trust, Insurance Trustee, GIII, GIII Trustee, Hamildak, and Deutsche Bank:**   American General for itself and for its members, associations, firms, parent companies, affiliates, subsidiaries, and current and former officers, directors, shareholders, employees, successors, assigns, attorneys, agents, and brokers covenants and agrees that it will not at any time, nor should anyone on its behalf, sue or proceed in any matter at law or in equity, with a suit or action of any kind or nature against the Insurance Trusts, Insurance Trustee, GIII, GIII Trustee, Hamildak, or Deutsche Bank, or any of their grantors, heirs, beneficiaries, successors, executors, administrators, members, assigns, associations, firms, parent companies, affiliates, subsidiaries, and current and former officers, directors, shareholders, employees, attorneys, agents and brokers for or on account of any claim for benefits, or any other claim arising out of, relating to or concerning the Policies.

13.     **No Admission:**  The Parties understand and agree that this Agreement is entered into solely to settle disputed claims and to avoid further costs in connection with the claims; and it is not an admission of any liability, wrongdoing, or misrepresentation on the part of any Party

CONFIDENTIAL                                                                   AGL / BECHTEL 000344

or that any Party performed or failed to perform any act in violation of any law, regulation or the rights of any Party whatsoever, or that the claims asserted in the Lawsuits are valid.

14.    **Confidentiality:**    The Parties agree to keep confidential the terms of this Agreement, including the participation of Hamildak and Deutsche Bank, and not to disclose them to any third party, other than to their respective legal counsel, internal and external auditors, tax advisors, and local, state or federal government authorities as required to comply with tax and regulatory reporting and payment obligations.  If disclosure of this Agreement or its terms is requested or required by court order or judicial subpoena, the Party from whom disclosure is requested or ordered will notify the other Parties within two business days of having actual knowledge thereof, or as soon thereafter as is reasonably practicable.  Notwithstanding the foregoing, in the event a claim is made to collect the death benefits or other benefits under the Policies or otherwise to enforce the Policies, the Parties may disclose this Agreement in order to establish rescission of the Policies.  If such a claim for benefits is made upon any Party, it shall notify the other Parties within two business days or as soon thereafter as is reasonably practicable, and all Parties shall use best efforts to maintain the confidentiality of this Agreement by filing under seal or entry of protective order or otherwise.

15.    **Construction & Merger Clause:**    This Agreement shall not be changed orally and shall be effective immediately upon notarized signature of all Parties hereto.  The Parties hereto understand and acknowledge that this Agreement constitutes the entire agreement between the Parties and that there shall be no amendment or modification of any of the terms of this Rescission and Release Agreement unless it is reduced to writing and signed by the Parties hereto. Each Party acknowledges and agrees that no representations or promises have been made to, or relied upon, in connection with the subject matter of this Rescission and Release

AGL / BECHTEL 000345

Agreement that are not specifically set forth herein.  All prior representations and promises by anyone concerning the Lawsuits or this Rescission and Release Agreement, whether in writing or oral, are understood by the Parties to be merged into this Rescission and Release Agreement. The language of all parts of this Agreement shall be construed as a whole according to its plain meaning and not strictly construed for or against any Party.   The Parties agree that this Agreement shall be deemed to have been jointly drafted for purposes of applying any rules of construction.

16.    **Signatures:**  This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  However, should any of the Parties fail to execute this Agreement, this Agreement shall be null and void as to all Parties.

17.    **Successors and Assigns:**  This Agreement shall bind and inure to the benefit of and be enforceable by the Parties and their respective successors and assigns.

18.    **Voluntary Agreement and Right to Counsel:**   Each Party represents and warrants that it is represented by legal counsel of its own choice in connection with this Agreement, or that it was encouraged to obtain counsel and had ample opportunity to seek counsel.   Each Party represents and warrants that he/she/it has read this Agreement and understands the terms used herein.  Each Party has had the opportunity to investigate this matter, determine the advisability of entering into this Agreement, and has entered into this Agreement freely and voluntarily, and that each Party agrees to the terms contained herein.

19.    **Taxation:**   Each Party acknowledges that no other Party is warranting or representing any tax consequences of this Agreement, that each is relying on its own legal and/or

                                                          AGL / BECHTEL 000346

tax advisors, and that each shall assume full responsibility for any and all tax obligations imposed, due, or owing to local, state or federal authority.

20.     **Severability:**  If any portion of this Agreement, other than Paragraphs 1 through 8 of this Agreement, may be held by a court of competent jurisdiction to conflict with any federal, state or local law, and as a result such portion or portions are declared to be invalid and of no force or effect in such jurisdiction, all remaining provisions of this Agreement shall remain in full force and effect and be construed as if such invalid portion or portions had not been included herein.

21.     **Further Assurances:**  Each Party agrees to execute such further and additional documents, instruments and writings as are necessary to fully effectuate the terms and provisions of this Rescission and Release Agreement.

22.     **Governing Law:**  This Agreement shall be governed by the laws of the State of Delaware without giving effect to Delaware choice of law principles.

23.     **Jurisdiction:**  The United States District Court for the District of Delaware shall retain jurisdiction over all of the Parties hereto with respect to enforcement of this Agreement and/or any dispute arising under this Agreement.

**IN WITNESS THEREOF**, the Parties have executed this Agreement on the dates written below.

CONFIDENTIAL

RESCISSION AND RELEASE AGREEMENT
Page 13 of 18

MICHAEL SASONI 2007-1 INSURANCE TRUST
by WILMINGTON SAVINGS FUND SOCIETY, FSB as
successor in interest to CHRISTIANA BANK & TRUST
COMPANY, as Trustee

By: _Cedric L Strother_____

Name: ____Cedric Strother_____

Title: ____Trust Officer_____


STATE OF DELAWARE        )
                         : ss.
COUNTY OF NEW CASTLE     )


Personally appeared the above-named _Cedric Strother_ who made oath that
the execution of this document is his own free act and deed this _2_ day of _July_____ 2014.

_Courtney E. Allen_____
Notary Public
My Commission expires: June 10, 2016

RESCISSION AND RELEASE AGREEMENT
Page 14 of 18

MICHAEL SASONI 2007-2 INSURANCE TRUST
by WILMINGTON SAVINGS FUND SOCIETY, FSB as
successor in interest to CHRISTIANA BANK & TRUST
COMPANY, as Trustee


By: _Cedric L Strother_____
Name: ____Cedric Strother_____
Title: ____Trust Officer_____


STATE OF DELAWARE        )
                         : ss.
COUNTY OF NEW CASTLE     )


Personally appeared the above-named _Cedric Strother_ who made oath that
the execution of this document is his own free act and deed this _2_ day of _July_ 2014.


_Courtney E. Allen_____
Notary Public
My Commission expires: _June 10, 2016_

COURTNEY E. ALLEN
MY COMMISSION
EXPIRES
June 10, 2016
NOTARY PUBLIC
STATE OF DELAWARE

RESCISSION AND RELEASE AGREEMENT
Page 15 of 18

THE GIII ACCUMULATION TRUST

by WELLS FARGO BANK, N.A., as Managing Trustee

By: _____
Name: _____Molly Ann Breffitt_____
Title: _____Officer_____

and

by WELLS FARGO DELAWARE TRUST COMPANY, N.A., as
Delaware Trustee

By: _____
Name: _____Molly Ann Breffitt_____
Title: _____Officer_____

STATE OF DELAWARE           )
                            : ss.
COUNTY OF NEW CASTLE        )

Personally appeared the above-named  Molly Ann Breffitt  who made oath
that the execution of this document is his own free act and deed this  2  day of  July  2014.

_____
Notary Public
My Commission expires:

LINDA ANN HILL
Notary Public
STATE OF DELAWARE
My Commission Expires 04-23-2015

RESCISSION AND RELEASE AGREEMENT
Page 16 of 18

### HAMILDAK LIMITED

By: _____

Name: BRENDAN ROCHE

Title: DIRECTOR

STATE OF *Iberland*    )
                                        : ss.
COUNTY OF *Dublin*    )


Personally appeared the above-named *Brendan Roche* who made oath that the execution of this document is his own free act and deed this 2 day of *July* 2014.

_____
Notary Public
My Commission expires:



Mel Ferguson
Notary Public
1 Clare Street
Dublin 2
Commissioned for Life

RESCISSION AND RELEASE AGREEMENT
Page 17 of 18

DEUTSCHE BANK AG, LONDON BRANCH

By: _____    _____
Name: A. ~~~~~~~~~    KILLIAN BROWN
Title: ~~~~~~~~~    LEGAL COUNSEL

~~STATE OF~~ England & Wales ) ss.
~~COUNTY OF~~ City of London )

ANDREW JONATHAN WATKINS

Personally appeared the above-named ~~APU KILLIAN BROWN~~ who made oath that
the execution of this document is ~~his~~ THEIR own free act and deed this _3rd_ day of _JULY_ 2014.



_____
Notary Public
My Commission expires: WITH LIFE

NOTARY PUBLIC
LONDON, ENGLAND
EMMA NOON
(My Commission expires with Life)

CONFIDENTIAL                                        AGL / BECHTEL 000352

RESCISS
Page 18 o

| APOSTILLE |
| --- |

**APOSTILLE**
(Convention de La Haye du 5 octobre 1961)

| | |
| --- | --- |
| **1. Country:**<br>Pays/Pais | United Kingdom of Great Britain and Northern Ireland |
| **This public document**<br>Le présent acte public / El presente documento público | |
| **2. Has been signed by**<br>a été signé par<br>ha sido firmado por | Emma Noon |
| **3. Acting in the capacity of**<br>agissant en qualité de<br>quien actúa en calidad de | Notary Public |
| **4. Bears the seal/stamp of**<br>est revêtu du sceau / timbre de<br>y está revestido del sello / timbre de | The Said Notary Public |
| **Certified**<br>Attesté / Certificado | |

| | | | |
| --- | --- | --- | --- |
| **5. at**<br>à / en | London | **6. the**<br>le / el día | 03 July 2014 |
| **7. by**<br>par / por | Her Majesty's Principal Secretary of State for Foreign and Commonwealth Affairs | | |
| **8. Number**<br>sous no / bajo el número | K129648 | | |
| **9. Seal / stamp:**<br>Sceau / timbre:<br>Sello / timbre: | | **10. Signature:**<br>Signature:<br>Firma: | P. Forbes |

This Apostille is not to be used in the UK and only confirms the authenticity of the signature, seal or stamp on
the attached UK public document. It does not confirm the authenticity of the underlying document. Apostilles
attached to documents that have been photocopied and certified in the UK confirm the signature of the UK
public official who conducted the certification only. It does not authenticate either the signature on the original
document or the contents of the original document in any way.
If this document is to be used in a country which is not party to the Hague Convention of 5th October 1961, it
should be presented to the consular section of the mission representing that country

CONFIDENTIAL To verify this apostille go to www.verifyapostille.service.gov.uk          AGL / BECHTEL 000353

RESCISSION AND RELEASE AGREEMENT
Page 18 of 18

AMERICAN GENERAL LIFE INSURANCE COMPANY

By: _____
Name: _____
Title: _____

STATE OF          )
                  : ss.
COUNTY OF         )

Personally appeared the above-named TRACY PHILLIPS who made oath that the execution of this document is his own free act and deed this 3rd day of July 2014.

Notary Public
My Commission expires:

CONFIDENTIAL

AGL / BECHTEL 000354